AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

FILED

United States District Court

Albuquerque, New Mexico

Mitchell R. Elfers

Clerk of Court

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   **22-MR-889** |
| TARGET DEVICE-1 Black Cellular One Motorola cell phone Model: XT1952-4 | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A-1, which is incorporated herein.

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, which is incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 113(a)(3) & 1153 | Assault with a Dangerous Weapon in Indian Country |
| 18 U.S.C. §§ 2219 | Carjacking |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Nicole Montgomery

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means).*

Date:   June 7, 2022

*Judge's signature*

City and state:   Albuquerque, New Mexico

Magistrate Judge Jerry Ritter

*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE SEARCH OF:

TARGET DEVICE-1
Black Cellular One Motorola cell phone
Model: XT1952-4

TARGET DEVICE-2
Black Logic X50 cell phone
S/N: X502006024301,
IMEI 1: 352526110481783,
IMEI 2: 352526110481791

Case No.   **22-MR-889**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Nicole Montgomery, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search two (2) cellular phones (the "TARGET DEVICES") that are currently located at the Navajo Department of Criminal Investigations' secure facility at the Nataani Nez Complex building in Shiprock, New Mexico (NM), as further described in Attachments A-1 and A-2 (incorporated herein by reference), and the extraction from those TARGET DEVICES of electronically stored information, as described in Attachment B (incorporated herein by reference).

2.      TARGET DEVICE-1, described in Attachment A-1, was collected by law enforcement on May 10, 2022 from Jane Doe, after she located it in her recovered vehicle, and TARGET DEVICE-2, described in Attachment A-2, was seized during a search incident to arrest of Brandon Barber on May 24, 2022, both occurring within the District of New Mexico.

1

3.      I am "an investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

4.      I am a Special Agent with the Federal Bureau of Investigation and have been employed as such since 2017. I am currently assigned to the Albuquerque Division, Farmington Resident Agency, which is responsible for investigating violent crimes occurring in Indian Country, including robbery, aggravated assaults, assaults on federal officers, sexual assaults, and homicides. I have eight years of prior law enforcement experience working as a police officer in the State of Illinois and as a detective in the Commonwealth of Virginia. Additionally, I attended three separate law enforcement academies and completed multiple in-service training courses relating to my duties. My training included instruction on investigative tools and criminal law, such as the development and identification of probable cause to support the execution of search warrants.  During the course of my time in law enforcement, I have conducted arrests and executed search warrants and court orders.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information provided to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.  This affidavit is also based upon information gained from interviews with cooperating citizen witnesses, whose reliability is established separately herein.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that the TARGET DEVICES (as described in Attachments A-1 and A-2 incorporated herein) will

provide evidence of violations of 18 U.S.C. § 2119 (Carjacking), 18 U.S.C. § 113(a)(3) (Assault with a Dangerous Weapon), and 18 U.S.C. § 1153 (Offenses Committed within Indian Country). Furthermore, there is probable cause to believe the offenses were committed by Brandon Barber, year of birth (YOB) 1985 (hereinafter referred to as "Barber"), an enrolled member of the Navajo Nation Indian Reservation, and Lindsey Yazzie, YOB 1982 (hereinafter referred to as "Yazzie), an enrolled member of the Navajo Nation Indian Reservation.

### AFFIANT'S KNOWLEDGE, TRAINING, AND EXPERIENCE RELATING TO CELLULAR PHONES

7.     Based on your affiant's knowledge, training, and experience, a cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones.   A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

8.     In addition to enabling voice communications, cellular telephones offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. In this capacity, your affiant knows that a cellular phone has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, audio and video recording device, and personal digital assistant (PDA), and can store information for long periods of time. Similarly, things that

3

have been viewed via the Internet are typically stored for some period of time on the device. Even when a user deletes information from a cellular phone, it can sometimes be recovered with forensics tools.

9.      In your affiant's training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Your affiant also knows that those involved in criminal activities take, or cause to be taken, photographs of themselves, their associates, and property derived from their criminal activities, on cellular telephones.

10.     Your affiant has consulted with forensic cellular phone examiners who regularly conduct examinations of cellular phones and has learned that conducting cellular phone examinations is a highly technical process using specific tools for which the examiners receive training.

## JURISDICTION

11.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).  As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within Indian Country in the District of New Mexico. *See* 18 U.S.C. § 1153.

## PROBABLE CAUSE

12.     On May 10, 2022, the FBI was notified of a carjacking and assault that had occurred on May 9, 2022 in the area of Nenahnezad, New Mexico (NM), which is located within the exterior boundaries of the Navajo Nation Indian Reservation.

13.     Navajo Department of Criminal Investigations (NDCI) Criminal Investigator (CI) Jerrick Curley, Shiprock District, interviewed the female victim (hereinafter referred to as "Jane Doe,") an enrolled member of the Navajo Nation Indian Reservation.  According to Jane Doe, on May 9, 2022 at approximately 1:30 p.m., she left her house and was driving past the "Dodge residence."  She was driving her 2016 black Jeep Patriot (VIN 1C4NJRFBXGD742070), which was transported, shipped, or received in interstate commerce.  Jane Doe observed a white vehicle parked to the north of the Dodge residence at the "V" intersection.  A male standing at the Dodge residence was yelling across the road to the people in the white vehicle.  Jane Doe's attention was drawn to what was happening and she slowed down.

14.     At this moment, a male and female emerged from behind a tree.  The female subject threw a large rock at Jane Doe's Jeep, breaking the front windshield.  As Jane Doe was trying to clear the broken glass out of her eyes and face, she heard another loud crunch of the windshield breaking on the other side.  The female subject then opened the driver's side door and pulled Jane Doe's hair, trying to pull her out of the vehicle.  As the female subject was fighting Jane Doe, the male, who was holding a machete in one hand and a hatchet in the other, began hitting the rear of the vehicle with the weapons.  The male subject broke the rear window and a rear side window of the Jeep.

15.     The male subject came to the driver's side and helped the female subject pull Jane Doe out of the vehicle.  Jane Doe felt the sharp side of the machete pressed against the back of her head as she was getting pulled out.  The male subject threatened to hit Jane Doe.  The subjects successfully pulled Jane Doe out of the vehicle.  As she was falling out of the vehicle, she accidentally kicked the gear shift into neutral and the vehicle started rolling forward.

16.     The male subject tried to hit Jane Doe with the hatchet, but she was able to roll out of the way to avoid being hit.  Jane Doe believed the male subject was trying to kill her.  The male subject jumped into the driver's seat of the Jeep and started to drive off without the female subject. The female subject threw a rock at Jane Doe, and then threw a rock at the Jeep and yelled to the male subject not to leave her.  The male subject stopped the Jeep and the female subject got into the passenger's seat.  They drove north.

17.     Jane Doe called 911 and started walking in the direction the Jeep went.  She observed the white vehicle she saw earlier stopped in the roadway.  She then saw the Jeep approach the white vehicle from the east.  As she approached the vehicles, the Jeep accelerated and veered toward Jane Doe.  She could see the male subject in the driver's seat and the female subject in the front passenger seat.  Jane Doe had to jump out of the way to avoid being run over by the Jeep, and in doing so, she struck a tree with her body.  She could feel the breeze of the Jeep as it drove past her.  Jane Doe believed the male subject tried to kill her again.

18.     This incident occurred in front of a residence and was captured by security cameras mounted on the exterior of that residence.  Agents reviewed the security footage and it corroborated Jane Doe's account of events.  Agents also confirmed the location of the assault was located within the exterior boundaries of the Navajo Nation Indian Reservation.

19.     Navajo Police Department (NPD) Office Dejuan Tolth heard about the stolen Jeep from dispatch radio traffic.  He observed the Jeep travelling at a high rate northbound on Highway 491 near milepost 89 in the area of Shiprock, then eventually eastbound onto N36.  Officer Tolth followed the vehicle and observed the female subject throw items out of the rear broken window.

20.     Office Tolth continued to follow the Jeep as it eventually turned northbound off of N36, between mileposts 8 and 9, in the area of Hogback.  Due to the high rate of speed, Officer

Tolth lost sight of the Jeep, but located it a short time later. The Jeep was unoccupied and parked near the irrigation canal.  The female subject was located a short distance away hiding in some shrubs.  She was eventually identified as Lindsey Yazzie, YOB 1982 (hereinafter referred to as "Yazzie"), an enrolled member of the Navajo Nation Indian Reservation.

21.     Jane Doe learned of the location of her Jeep and met Officer Tolth there.  She identified Yazzie as the female subject who assaulted her and stole her vehicle.  Furthermore, Yazzie was wearing Jane Doe's juvenile daughter's Mickey Mouse t-shirt that was previously inside the Jeep.

22.     During the interview of Jane Doe on May 10, 2022, Jane Doe gave CI Curley a black Cellular One Motorola XT1952-4 cell phone that she located in her purse after being carjacked.  The purse had been in her Jeep when it was stolen, and when she received her purse back, it had a cell phone that did not belong to her.  She believed the cell phone belonged to one of the subjects. This is TARGET DEVICE-1.

23.     On May 13, 2022, Jane Doe was shown two photo arrays at the FBI office in Farmington, NM.  She positively identified the male subject as Brandon Barber, YOB 1985 (hereinafter referred to as "Barber"), an enrolled member of the Navajo Nation Indian Reservation. Jane Doe had never seen Barber before and did not know who he was.

24.     On May 17, 2022, the male victim (hereinafter referred to as "John Doe"), contacted the FBI regarding Barber.  He was subsequently interviewed by FBI Special Agent Montgomery on the same date.  John Doe stated that on the morning of May 9, 2022, Barber arrived at John Doe's house in Lower Fruitland, NM, which is located within the exterior boundaries of the Navajo Nation Indian Reservation.  Barber was carrying a machete in one hand and a hatchet in the other. John Doe was sitting in his vehicle, a Chevrolet Tahoe, on the property.

He was cleaning up broken glass from the broken passenger side window that Barber had broken the day prior.  Barber approached him and poked at John Doe through the broken window with the machete and hit the vehicle several times with the machete.  John Doe feared for his life.

25.     John Doe fled to the rear of his property in the Tahoe.  Barber initially ran after the Tahoe on foot, wielding the hatchet and machete.  Barber then entered his own truck, a GMC Sierra, and gave chase to John Doe.  Barber struck the front of John Doe's vehicle with his truck, which caused the airbag in John Doe's vehicle to deploy and John Doe to strike his face on the airbag.  John Doe jumped out of his vehicle and ran away on foot, confident that Barber was going to kill him.  John Doe jumped over a barbed wire fence but fell when his pant leg got stuck, causing him to sprain his right ankle.  John Doe hid in a ditch until Barber left the area. John Doe called the police to report the incident.

26.     On May 23, 2022, an arrest warrant was issued for Barber for two counts of Assault with a Dangerous Weapon in Indian Country. On May 24, 2022, Barber was detained by deputies of the San Juan County Sheriff's Office (SJCSO) in Fruitland, New Mexico. During a search incident to an arrest of Barber, a black Logic X50 cell phone, bearing serial number X502006024301, IMEI 1 352526110481783, and IMEI 2 352526110481791, was located on his person. This is TARGET DEVICE-2. He was transported to the FBI Farmington Resident Agency, where he was read his Miranda Rights and agreed to be interviewed. During the interview with Barber, he admitting to stealing Jane Doe's vehicle, but denied using weapons.  He blamed the incident on Yazzie, saying it was her idea.  During the transport to jail, Barber stated that there was "evidence" on his cell phone.

27.     Requesting this search warrant was delayed due to collecting other evidence in this case, retrieving identifying cell phone information from the Navajo Police Department, and

performing other duties and responsibilities related to this case and others. Based on my training and experience, the evidence sought is likely to still be on Target Device-1 and Target Device-2, as they have both been maintained in a secure law enforcement facility since their collection.

## SUMMARY

28.     In view of the above facts, I submit there is probable cause to believe that on May 9, 2022, Barber and Yazzie assaulted Jane Doe with a dangerous weapon and carjacked her within the boundaries of the Navajo Nation Indian Reservation. I also submit there is probable cause to believe that on May 9, 2022, Barber assaulted John Doe with a dangerous weapon.

29.     I believe a search of TARGET DEVICE-1 will produce evidence that either Barber or Yazzie were the owner/user of the phone and participated in the assault of Jane Doe. I believe a search of TARGET DEVICE-2 will produce evidence that Barber was the owner/user of the phone and participated in the assault of John Doe and Jane Doe.

30.     More specifically, I believe a search of the TARGET DEVICES would reveal to law enforcement, among other things: (i) communications between co-conspirators relating to the preparation for and commission of the TARGET OFFENSES; (ii) locations where the individual(s) committing the TARGET OFFENSES traveled to before and after the commission of the TARGET OFFENSES, and in preparation for the TARGET OFFENSES; (iii) ownership and use of the items identified in Attachments A-1 and A-2 by the individual(s) committing the TARGET OFFENSES; (iv) communications between the individual(s) committing one or more of the TARGET OFFENSES and other individuals who may have assisted or provided support in the commission of one or more of the TARGET OFFENSES; (v) photographs or videos that would document the proceeds from the commission of the offense of Carjacking, in violation of 18 U.S.C. § 2119; and (vi) photographs, video, and communications regarding the possession of hatchets,

9

machetes, knives, rocks, or vehicles that would constitute evidence of a violation of the offense of

Assault with a Dangerous Weapon, in violation of 18 U.S.C. § 113(a)(3).

## AUTHORIZATION REQUEST

31.     Based on the foregoing, I request that the Court issue the proposed search warrant,

pursuant to Federal Rule of Criminal Procedure 41.

32.     Given that the TARGET DEVICES are contained on the premises of the Navajo

Department of Criminal Investigations, reasonable cause exists to permit the execution of the

requested warrant at any time in the day or night.

I submit that this affidavit supports probable cause for the warrant to search the location

described in Attachments A-1 and A-2 for the things described in Attachment B.

This affidavit was reviewed by Assistant United States Attorney Mark Pfizenmayer for

legal sufficiency.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1

by telephone.

Respectfully submitted,

Special Agent Nicole Montgomery
Federal Bureau of Investigation

Subscribed and sworn telephonically, signed remotely, and transmitted by email pursuant

to Fed. R. Crim. P. 4.1 and 41(d)(3) on  June 7, 2022  .

Jerry Ritter
United States Magistrate Judge

10

## ATTACHMENT A-1

### Property to Be Searched

### Target Device-1

A black Cellular One Motorola XT1952-4 cell phone that is currently in the possession of the Navajo Department of Criminal Investigations in Shiprock, New Mexico as evidence and is assigned a unique evidence number.

  

1

## ATTACHMENT B

### Property to Be Seized

The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of Title 18 U.S.C. § 2119 (Carjacking), Title 18 U.S.C. § 113(a)(3) (Assault with a Dangerous Weapon), and Title 18 U.S.C. § 1153 (Offenses Committed within Indian Country) (collectively, the "TARGET OFFENSES"), including, but not limited to:

Call logs, phone books, photographs, voice mail messages, text messages, images and video, Global Positioning System data, and any other stored electronic data:

    i.   reflecting communications between co-conspirators relating to the preparation for and commission of the TARGET OFFENSES;

    ii.   identifying locations where the individual(s) committing the TARGET OFFENSES, traveled to before and after the commission of the TARGET OFFENSES, and in preparation for the TARGET OFFENSES;

    iii.   reflecting the ownership and use of the items identified in Attachment A-1 and A-2 by the individuals committing the TARGET OFFENSES;

    iv.   reflecting communications between the individual committing one or more of the TARGET OFFENSES and other individuals who may have assisted or provided support in the commission of one or more of the TARGET OFFENSES;

    v.   containing photographs or video that would document the proceeds from the commission of the offense of Carjacking, in violation of 18 U.S.C. § 2119;

    vi.   containing photographs, video, and communications regarding the possession of hatchets, machetes, knives, rocks, vehicles or other weapons that would constitute

3

evidence of a violation of the offense of Assault with a Dangerous Weapon, in violation of Title 18 U.S.C. § 113(a)(3); and

vii.   documenting or containing evidence of the obtaining, secreting, transfer, expenditure and/or the concealment of proceeds of a commission of Carjacking, in violation of 18 U.S.C. § 2119.

4